IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00397-BNB

KARL HEINZ SINGLETON,

     Plaintiff,

v.

PAM PLOUGH, Warden, Four Mile Corr. Cen.
CPT. MAESTES, Four Mile Center Supervisor,
LT. RICHARDS, Hearing Officer, and
LT. RIVERA, 2nd Shift Commander,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Karl Heinz Singleton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado.  He attempted to initiate the instant action by submitting *pro se* a motion for injunctive relief (ECF No. 1), a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 3), and a letter (ECF No. 4).

     The Court reviewed the document and determined it was deficient.  Therefore, on February 14, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Singleton to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

     The February 14 order pointed out that Mr. Singleton failed to submit either the $350.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to

28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official, together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  The February 14 order also pointed out that Mr. Singleton failed to submit on the proper, Court-approved form a Prisoner Complaint.  The order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint.  The February 14 order warned Mr. Singleton that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On February 25, 2013, Mr. Singleton submitted the first page of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on an outdated form together with a copy of his trust fund account statement for the six-month period immediately preceding this filing that is not clearly certified by the appropriate prison official, and an affidavit of indigence he created and signed himself.  *See* ECF No. 7. He also submitted a Prisoner Complaint (ECF No. 8)

Mr. Singleton has failed to cure all the designated deficiencies within the time allowed.  Therefore, the action will be dismissed without prejudice for Mr. Singleton's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

2

(1962).  If Mr. Singleton files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Karl Heinz Singleton, to cure all the deficiencies designated in the order to cure of February 14, 2013, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  _22nd_  day of  _____March_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

3