IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00397-BNB

KARL HEINZ SINGLETON,

    Plaintiff,

v.

PAM PLOUGH, Warden, Four Mile Corr. Cen.
CPT. MAESTES, Four Mile Center Supervisor,
LT. RICHARDS, Hearing Officer, and
LT. RIVERA, 2nd Shift Commander,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Karl Heinz Singleton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado.  He filed *pro se* on April 3, 2013, a motion to alter or amended judgment (ECF No. 11) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 22, 2013.  The Court must construe the motion to reconsider liberally because Mr. Singleton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the Fed. R. Civ. P. 59(e) motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Singleton's April 3 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies designated in the order to cure of February 14, 2013. The March 22 dismissal order discusses in detail the reasons for the dismissal.

After review of the motion and the entire file, the Court finds that Mr. Singleton fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e)

motion will be denied.

Accordingly, it is

ORDERED that the motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 11) that Plaintiff, Karl Heinz Singleton, filed *pro se* on April 3, 2013, is denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 12) also filed on April 3 is denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of    April   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court